UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
KEVIN WRIGHT,

                               Plaintiff,                  **15 CV 4498 (VSB)**

           -against-                           **FIRST AMENDED**
                                                **COMPLAINT**

UNDERCOVER OFFICER #84
(Individually and in his Official Capacity),        **JURY TRIAL DEMANDED**

                              Defendants.
-------------------------------------------------------------------------------X

      Plaintiff, KEVIN WRIGHT, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, KEVIN WRIGHT, is, and has been, at all relevant times, a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, Defendant Undercover Officer #84 ("UC 84"),  was a duly sworn member of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

10. At all times hereinafter mentioned UC 84, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of UC 84 alleged herein were done by said Defendant while acting within the scope of his employment by, THE CITY OF NEW YORK.

12. Each and all of the acts of UC 84 alleged herein were done by said Defendant while acting in furtherance of his employment by THE CITY OF NEW YORK.

2

## FACTS

13. On November 12, 2014, at approximately 4:30 p.m., plaintiff KEVIN WRIGHT, was lawfully present in the vicinity of Avenue D and East 6th Street in New York County in the State of New York.

14. At that time and place, UC 84 approached plaintiff and an acquaintance form the neighborhood, non-party Robert Joiner.

15. The defendant undercover officer asked the two men where he might purchase heroin.

16. Plaintiff informed Mr. Joiner that he believed the undercover officer to be a police officer, and went to wait for his bus uptown.

17. Upon information and belief, Mr. Joiner then retrieved crack/cocaine for the defendant officer.

18. Shortly thereafter, plaintiff was approached by uniformed officers and placed under arrest.

19. Defendants searched plaintiff uncovering no evidence of criminal or unlawful activity whatsoever.

20. At no time on or about November 12, 2014 did defendants possess probable cause to arrest plaintiff.

21. At no time on or about November 12, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. Nevertheless, plaintiff was taken into custody and accused of selling a controlled substance.

23. Plaintiff was thereafter transferred to a nearby precinct.

24. In support of Mr. Wright's false criminal charges, Defendant UC 84 falsely told the

3

District Attorney that he was approached by both Plaintiff and his co-Defendant.

25. This allegation is false and Defendant UC 84  knew this allegation was false when he made it.

26. In support of Mr. Wright's false criminal charges, Defendant UC 84 falsely told the District Attorney that Mr. Wright asked UC 84 what he was looking for.

27. UC 84 also provided this false allegation in documentation which was forwarded to the District Attorney.

28. This allegation was false and Defendant UC 84 knew this allegation was false when he made it.

29. UC 84 falsely told the District Attorney that Mr. Wright offered to sell him heroin at a later date.

30. UC 84 also provided this false allegation in documentation which was forwarded to the District Attorney.

31. This allegation was false and Defendant UC 84 knew this allegation was false when he made it.

32. Defendant UC 84 falsely told the District Attorney that Mr. Wright was with his co-Defendant the entire time they were at the scene of the arrest.

33. UC 84 also provided this false allegation in documentation which was forwarded to the District Attorney.

34. This allegation was false and Defendant UC 84 knew this allegation was false when he made it.

35. Defendant UC 84 falsely told the District Attorney that Mr. Wright was looking out for his co-Defendant during an alleged drug sale between UC 84 and Plaintiff's co-

4

Defendant.

36. UC 84 also provided this false allegation in documentation which was forwarded to the District Attorney.

37. This allegation was false and Defendant UC 84 knew this allegation was false when he made it.

38. Defendant UC 84 falsely told the District Attorney that Plaintiff was quizzing UC 84 to determine whether he was a police officer.

39. UC 84 also provided this false allegation in documentation which was forwarded to the District Attorney.

40. This allegation was false and Defendant UC 84 knew this allegation was false when he made it.

41. In connection with plaintiff's arrest, UC 84 filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office, including, but not limited to, the statements and allegations noted herein.

42. As a result of UC 84's misconduct, bail was imposed upon the plaintiff in an amount which he could not post.

43. As a result of UC 84's misconduct, plaintiff remained in custody for approximately five months before all charges against him were dismissed when a jury found him not guilty.

44. The decision to arrest Plaintiff, or to cause his arrest, was objectively unreasonable under the circumstances.

45. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could Defendant UC 84 have reasonably believed that such cause existed.

46. The factual allegations sworn to by Defendant UC 84 were materially false and deliberately

5

made to justify the illegal arrest of Plaintiff.

47. At no time did any other members of the NYPD take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

48. Upon information and belief, at no time did Defendant UC 84 tell the New York County District Attorney that he made false allegations against Plaintiff.

49. Upon information and belief, at no time did Defendant UC 84 tell the New York County District Attorney that he had fabricated allegations against Mr. Wright

50. Upon information and belief, at no time did Defendant UC 84 tell the New York County District Attorney that he was lying.

51. Defendant UC 84 intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements regarding the false allegations and misconduct described herein as required.

52. Defendant UC 84 fabricated evidence against Mr. Wright in the form of false statements and a false narrative, which he provided to the New York County District Attorney.

53. That at all times relevant herein, the Defendant UC 84 was on duty and acting within the scope of his employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

54. As a result of the foregoing, plaintiff KEVIN WRIGHT sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

55. All of the aforementioned acts of UC 84's, their agents, servants and employees, were carried out under the color of state law.

56. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities

6

guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.58.The acts complained of were carried out by UC 84 in his capacity as a member of the NYPD with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by UC 84 in his capacity as a member of the NYPD, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST AGAINST THE NYPD DEFENDANTS
### UNDER 42 U.S.C. § 1983

58. Plaintiff KEVIN WRIGHT repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. As a result of the defendant's conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

60. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**SECOND CLAIM FOR RELIEF FOR**
**MALICIOUS PROSECUTION AGAINST THE NYPD DEFENDANTS**
**UNDER 42 U.S.C. § 1983**

61. Plaintiff, KEVIN WRIGHT, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

62. Defendant misrepresented and falsified evidence before the New York County District Attorney.

63. Defendant did not make a complete and full statement of facts to the District Attorney.

64. Defendant withheld exculpatory evidence from the District Attorney.

65. Defendant was directly and actively involved in the initiation of criminal proceedings against plaintiff.

66. Defendant lacked probable cause to initiate criminal proceedings against plaintiff.

67. Defendant acted with malice in initiating criminal proceedings against plaintiff.

68. Defendant was directly and actively involved in the continuation of criminal proceedings against plaintiff.

69. Defendant lacked probable cause to continue criminal proceedings against plaintiff.

70. Defendant misrepresented and falsified evidence throughout all phases of the criminal proceedings.

71. Notwithstanding the perjurious and fraudulent conduct of defendant, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

72. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints

8

without probable cause.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT UC 84
### FOR DENIAL OF THE RIGHT TO FAIR TRIAL
### PURSUANT TO 42 US.C. SECTION 1983

73. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

74. Defendant UC 84 misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

75. Notwithstanding the perjurious and fraudulent conduct of Defendant UC 84 the criminal proceedings were terminated in Plaintiff's favor when a jury found him not guilty.

76. Defendant UC 84 failed to intervene on Plaintiff's behalf, despite his obligation and opportunity to do so.

77. Defendant UC 84 provided false allegations against Plaintiff to the District Attorney with the understanding and hope that those allegations would influence the jury in Plaintiff's criminal case, and cause him to be deprived of liberty before and after trial.

78. By so doing, Defendant UC # 84 subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

79. By reason thereof, Defendant UC 84 has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
        April 11, 2017

                        Respectfully submitted,

                        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                        *Counsel for the Plaintiff*

                              /s
                        _____

            By:     JESSICA MASSIMI (JM-2920)
                    32 Old Slip, 8th Floor
                    New York, New York 10005
                    (212) 962-1020